# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO. 5:06-cr-29-JA-PRL

CARL ST. PREUX

## ORDER

Before the Court is Carl St. Preux's motion for compassionate release. (Doc. 828). Based on the Court's review of the parties' submissions, the motion is granted.

## I. BACKGROUND

In 2007, after a thirteen-day trial, a jury found St. Preux guilty of conspiracy to distribute five or more kilograms of cocaine and 50 or more grams of cocaine base under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. 409). At the time of St. Preux's sentencing, he had two prior "serious drug felony convictions" (from 1995 and 1998) that increased the minimum mandatory sentence from ten years to life under § 841(b)(1)(A)(ii). (Doc. 828 ¶ 4; Doc. 845 at 3–4).[1] While St. Preux's counsel argued that the 1998 conviction was not a qualifying prior conviction for purposes of subjecting him to a life sentence

---

[1] At the time of St. Preux's sentencing, life imprisonment was also the statutory maximum penalty, regardless of whether the enhancement applied. (Doc. 845 at 4 (citing 21 U.S.C. § 841(b)(1)(A)(ii))).

because the state court had withheld adjudication, the Court found that both convictions were qualifying convictions.[2] (Doc. 436 at 3–5, 45–48; Doc. 845 at 3–4). After overruling St. Preux's objection, the Court sentenced him to life imprisonment.[3] (Doc. 409). However, a Florida court later vacated his contested 1998 conviction. (Doc. 828 ¶ 4).

In 2018, Congress enacted the First Step Act, which, *inter alia*, reduces the mandatory minimum sentence for a conviction under § 841(b)(1)(A) where the defendant has a prior conviction for a serious drug (or violent) felony. First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 401(a) and (c); (Doc. 845 at 25–26). Now, where a defendant has one such qualifying prior conviction, the mandatory minimum sentence is fifteen years; and where the defendant has two qualifying prior convictions, the mandatory minimum sentence is twenty-five years. 21 U.S.C. § 841(b)(1)(A). And regardless of whether the defendant has one or two qualifying prior convictions, the maximum statutory sentence is life imprisonment. *Id.*

St. Preux argues that if he were sentenced today, he would have only one qualifying prior conviction, lowering the mandatory minimum sentence he

---

[2] Throughout trial and sentencing, United States District Judge William Terrell Hodges presided over this action. The case was reassigned to the undersigned in 2019.

[3] The Court noted that St. Preux's total offense level was thirty-eight. (Doc. 436 at 46).

would be subject to from life to fifteen years.[4] And if he were sentenced today with two qualifying prior convictions, the mandatory minimum sentence would be twenty-five years rather than life. Because of these intervening changes in the law, St. Preux seeks compassionate release, arguing that he is serving an "unusually long sentence," which the United States Sentencing Commission defines as an "extraordinary and compelling reason" for a sentence reduction.

## II.  LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). In 18 U.S.C. § 3582(c), the procedure and factors for a court to consider before it may grant compassionate release are outlined.

First, the Court must find that the defendant has exhausted his administrative rights with the Bureau of Prisons (BOP). 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). Second, the Court must find that "extraordinary and compelling reasons," as defined by U.S.S.G. § 1B1.13, warrant a reduction. 18 U.S.C. § 3582(c); *see*

---

[4] St. Preux also perfunctorily argues that his 1995 drug offense, for possession of cocaine, "is punishable by a maximum 5 years' imprisonment and [thus] does not qualify as a serious drug offense." (Doc. 828 ¶ 4 (citing 18 U.S.C. § 924(e)(2))).

3

*United States v. Elie*, No. 6:09-cr-50 (Doc. 138 at 14) (M.D. Fla. May 3, 2024). Third, the Court must find that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(a)(2); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 21–22). Finally, the Court must consider the applicable factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 15). The defendant has "the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

## III. DISCUSSION

### A. Jurisdiction

As an initial matter, the Government argues that the Court lacks jurisdiction to consider St. Preux's motion because while his motion purports to seek compassionate release, it is really a successive challenge to his sentence under 28 U.S.C. § 2255. (Doc. 845 at 19–20). And such a successive challenge is impermissible, says the Government, because St. Preux must receive authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, but he did not. The Court disagrees with the Government that it lacks jurisdiction on this basis.

Under 28 U.S.C. § 2255(a), habeas corpus petitions are appropriate where the defendant challenges the constitutionality or legality of his sentence,

4

challenges the jurisdiction of the court to impose his sentence, claims the sentence exceeds the maximum allowed by law, or claims the sentence is otherwise subject to collateral attack. Here, St. Preux is not asserting that his sentence was unconstitutional or unlawful, so he would be unable to seek relief under § 2255. *See United States v. Joseph*, No. 12-60110-CR, 2024 WL 4341964, at *8 (S.D. Fla. May 15, 2024) (citing *Spencer v. United States*, 773 F.3d 1132 (11th Cir. 2014) (en banc)). Accordingly, this Court has jurisdiction over St. Preux's motion for compassionate release.

### B.  Exhaustion

Next, it is undisputed that St. Preux exhausted his administrative rights. He sought a sentence reduction on June 2, 2020; on November 1, 2023; and on February 14, 2024. (Doc. 845-1 at 1, 4, 9). More than thirty days passed since the BOP's receipt of St. Preux's applications before he filed the instant motion, and the BOP declined to file a motion on his behalf. (*Id.* at 3, 8, 12). The Government acknowledges that the Court may—if it has jurisdiction—consider St. Preux's motion on the merits. (Doc. 845 at 17–18).

### C.  U.S.S.G. § 1B1.13(b)(6) is Valid

In seeking a sentence reduction, St. Preux relies on U.S.S.G. § 1B1.13(b)(6). (Doc. 828). This section, which went into effect on November 1, 2023, provides that an "unusually long sentence" can be an extraordinary and compelling reason" warranting a sentence reduction. An unusually long

5

sentence can qualify as extraordinary and compelling reason so long as "an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Amendments to the Sentencing Guidelines, at 5, 11 (U.S. Sent'g Comm'n Apr. 27, 2023) (effective Nov. 1, 2023).[5]

Apparently, the Government concedes that St. Preux is eligible for relief under U.S.S.G. § 1B1.13(b)(6). However, it argues that U.S.S.G. § 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its authority in promulgating it. (Doc. 845 at 21–22 (citing 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(a))).[6] This Court, like many others in the Eleventh Circuit, disagrees with the Government.[7]

---

[5] https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

[6] Specifically, the Government argues that: (1) U.S.S.G. § 1B1.13(b)(6) conflicts with the text, context, structure, and purpose of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(a); (2) a nonretroactive change in the law cannot serve as an extraordinary or compelling reason for a sentence reduction; (3) treating intervening changes in the law as extraordinary and compelling reasons for a sentence reduction would undermine the primary purpose of the Sentencing Reform Act; (4) allowing courts to apply nonretroactive changes in law to particular defendants violates separation-of-powers principles; (5) Congress's failure to reject the Sentencing Commission's determination does not validate that determination; and (6) *Concepcion v. United States*, 142 S. Ct. 2389, 2397 (2022), does not authorize reductions under U.S.S.G. § 1B1.13(b)(6). (Doc. 845 at 21–38).

[7] *See, e.g., United States v. Jean*, No. 2:11-CR-97, 2024 WL 3948834, at *3 (M.D. Fla. Aug. 26, 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability." (quoting *United States v. Allen*, 717 F. Supp. 3d 1308, 1315 (N.D. Ga. 2024))); *accord United States v. Allen*, No. 2:03-CR-74, 2024 WL 4052904, at *3 (M.D. Fla. Sept. 5, 2024); *United States v. Bizzell*, No. 6:10-

6

Courts in the Eleventh Circuit have rejected the Government's verbatim arguments. And the Government does not raise or assert new arguments or citations in its response that have not been previously rejected by this circuit's courts. (*Compare* Doc. 845 at 21–38, *with McCain*, No. 3:12-cr-34 (Doc. 151 at 5–20), and *Elie*, No. 6:09-cr-50 (Doc. 131 at 5–18)).[8] Thus, as found by other courts in this circuit, U.S.S.G. § 1B1.13(b)(6) is a valid exercise of the Sentencing Commission's authority and is a binding policy statement. *See, e.g., Jean*, 2024 WL 3948834, at *4;[9] *Allen*, 2024 WL 4052904, at *3; *Bizzell*, 2024 WL 1832995,

---

CR-145, 2024 WL 1832995, at *1 (M.D. Fla. Apr. 26, 2024); *United States v. McCain*, No. 3:12-cr-34 (Doc. 155 at 5) (M.D. Fla. May 2, 2024) ("[I]n and of itself, a nonretroactive amendment to a sentencing statute is not extraordinary and compelling. . . . But that is not what § 1B1.13(b)(6) authorizes. . . . Rather, the Sentencing Commission determined that such an amendment could lead to an extraordinary and compelling reason for a reduction—namely, a gross disparity between an individual's actual sentence and the sentence he would have received under the amended statute."); *Elie*, No. 6:09-cr-50 (Doc. 138); *United States v. Smith*, No. 99-cr-66, 2024 WL 885045, at *2 (N.D. Fla. Feb. 20, 2024); *United States v. Padgett*, No. 06-cr-13, 2024 WL 676767, at *3 (N.D. Fla. Jan. 30, 2024); *Joseph*, 2024 WL 4341964, at *7; *United States v. Franklin*, No. 95-00787-CR, 2024 WL 4295912, at *3 (S.D. Fla. Sept. 18, 2024) (citing *United States v. Adley*, No. 03-20678-CR, 2024 WL 1961484, at *4 (S.D. Fla. May 3, 2024), and *United States v. Ware*, No. 1:97-CR-00009, 2024 WL 1007427, at *4–7 (N.D. Ga. Mar. 6, 2024)); *United States v. Durden*, No. 1:07-CR-0020, 2024 WL 4182591, at *4 (N.D. Ga. May 30, 2024).

[8] For example, the Government argues in its response that *Concepcion v. United States*, 142 S. Ct. 2389, 2397 (2022), does not authorize reductions under U.S.S.G. § 1B1.13(b)(6). Although that argument was absent from the Government's brief in *Elie*, it was raised verbatim (and rejected) in *McCain*. (*Compare* Doc. 845 at 37–38, *with McCain*, No. 3:12-cr-34 (Doc. 151 at 19–20)).

[9] In *Jean*, the defendant's motion for sentence reduction was denied because although the court found U.S.S.G. § 1B1.13(b)(6) valid, the defendant failed to show that there was a gross disparity in the sentence being served and the sentence likely to be imposed at the time the motion was filed. *Jean*, 2024 WL 3948834, at *4.

7

at *1; *McCain*, No. 3:12-cr-34 (Doc. 155); *Elie*, No. 6:09-cr-50 (Doc. 138).

### D. Extraordinary and Compelling Reasons

There is an opportunity for relief under U.S.S.G. § 1B1.13(b)(6) "where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Amendments to the Sentencing Guidelines, at 5, 11 (U.S. Sent'g Comm'n Apr. 27, 2023) (effective Nov. 1, 2023).

First, St. Preux's life sentence is "unusually long." *See, e.g.*, *United States v. Johnson*, No. 2:03-CR-31, 2024 WL 4224520, at *5 (M.D. Fla. Sept. 18, 2024) (collecting cases finding that a life sentence is unusually long). Second, St. Preux has served eighteen years of his sentence. (Doc. 828 ¶¶ 6, 9). And third, "an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Amendments to the Sentencing Guidelines, at 7 (U.S. Sent'g Comm'n Apr. 27, 2023) (effective Nov. 1, 2023). Here, all three conditions are satisfied.

As St. Preux argues, if he were sentenced today, he would be subject to a mandatory minimum sentence of fifteen years or twenty-five years (depending on the number of prior convictions counted), rather than life. (Doc. 828 ¶ 13).

Even if St. Preux incorrectly argues that his vacated 1998 conviction would not count as a prior conviction for sentencing purposes today, he has demonstrated a "gross disparity" between his life sentence and the sentence that would likely be imposed today.

If St. Preux is correct that his vacated 1998 conviction would not count today, then his total offense level would be thirty, and he would be subject to a mandatory minimum sentence of fifteen years. (Doc. 828 ¶¶ 4–5; Doc. 848 at 4 (citing U.S.S.G. § 2D1.1)). And if he is incorrect and his vacated 1998 conviction counts as a prior conviction today, St. Preux would face a mandatory minimum sentence of twenty-five years. (Doc. 828 ¶ 5). The Government does not dispute that if St. Preux were sentenced today, these—rather than life—would be the possible minimum mandatory sentences. St. Preux correctly argues that there is a gross disparity between a sentence of fifteen or twenty-five years and a sentence of life. *See Elie*, 6:09-cr-50 (Doc. 138 at 30) (collecting cases supporting that an eighteen-year difference reflects a "gross disparity").

Additionally, St. Preux persuasively argues that his rehabilitation during his incarceration adds to the extraordinary and compelling reasons for reducing his sentence. U.S.S.G. § 1B1.13(d). While rehabilitation alone is insufficient to constitute an extraordinary and compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*;

9

28 U.S.C. § 994(t); *United States v. Gibson*, No. 4:09cr009 (Doc. 461 at 8, 10–11) (N.D. Fla. Apr. 12, 2024). During St. Preux's eighteen years of incarceration, he has only had one disciplinary infraction. (Doc. 828 ¶¶ 7, 9; Doc. 848 at 4). And since being incarcerated, St. Preux has gained "employable skills" by completing over thirty BOP courses, including drug education. (Doc. 828 at 2, 8; Doc. 848 at 4). Thus, under U.S.S.G. § 1B1.13(b)(6) and (d), St. Preux presents extraordinary and compelling reasons to reduce his sentence.

### E. Not a Danger to the Community and § 3553 Factors

Next, the Court must determine whether the "defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Factors in § 3142(g) include: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) Defendant's history and characteristics, and (4) the nature and seriousness of the danger posed by Defendant's release. 18 U.S.C. § 3142(g)(1)–(4); *Elie*, 6:09-cr-50 (Doc. 138 at 20). Additionally, the Court must consider the relevant factors under § 3553(a) in determining whether reduction is appropriate. 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13(a); *see McCain*, No. 3:12-cr-34 (Doc. 155 at 4 & n.2) (explaining that the court must consider § 3553(a) factors only to the extent that they are relevant). Factors under § 3553(a) include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.

It appears to the Court that St. Preux is no longer a danger to the community. He is 56 years old and has served eighteen years of his sentence with only one disciplinary infraction. (Doc. 828 ¶¶ 7, 9; Doc. 848 at 4). One of his two prior drug convictions has been vacated, and the other conviction was for possession of cocaine, which he submits does not qualify as a serious drug offense. (Doc. 828 ¶ 4); *see United States v. Moody*, No. 05-80121-CR, 2020 WL 4059659, at *4 (S.D. Fla. May 15, 2020) (finding defendant did not pose danger to community at forty-six years old when he had served fifteen years of his 210-month sentence for drug offense, his only violent crime was as a teenager almost thirty years prior, his two adult convictions were for non-violent drug offenses, and his medical conditions made it "extremely unlikely that he would commit a violent crime"). The Government does not argue that St. Preux's prior convictions were violent or that the offense of conviction in this case was violent.

Also, St. Preux has completed over thirty BOP courses during his incarceration, including drug education. (Doc. 828 at 2, 8). These courses have permitted St. Preux to gain "employable skills." (Doc. 848 at 4). If his sentence is reduced such that he is released, St. Preux submits that his family members, who are still "very involved in his life[,] . . . have offered him a home and employment." (Doc. 828 at 8). And the BOP has determined that St. Preux is at a low risk of recidivism. (*Id.*). Thus, St. Preux is not a danger to the community.

Likewise, under § 3553(a), the relevant factors weigh in favor of reducing St. Preux's sentence. 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13(a). As discussed, the "nature and circumstances of" St. Preux's conviction for conspiracy to distribute five kilograms or more of cocaine and his "history and characteristics" weigh towards reducing his sentence. 18 U.S.C. § 3553(a)(1). Finally, St. Preux is serving a sentence based on a mandatory minimum that has been greatly reduced—such that similar conduct has a mandatory minimum sentence of fifteen or twenty-five years (depending on the number of prior convictions counted)—permitting the Court to reduce this sentencing disparity between St. Preux and defendants sentenced today. *See* 18 U.S.C. § 3553(a)(6) (listing "the need to avoid unwarranted sentence disparities" as a sentencing factor); (Doc. 848 at 4).

## IV. CONCLUSION

As discussed, St. Preux has presented "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13(b)(6) and (d) that merit reduction of his sentence. His release would not endanger the community, and the § 3553 factors favor the reduction in sentence. Accordingly, St. Preux's motion for compassionate release (Doc. 828) is **GRANTED** and his sentence will be reduced to time served, not as of today, but as of **thirty days** from today. Additionally, St. Preux will be subject to **five years of supervised release** by the U.S. Probation Office to monitor his return to society. *See* 18 U.S.C.

§ 3582(c)(1)(A) (stating court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment"). The amended judgment will set forth the conditions of supervised release, including that St. Preux must report to the U.S. Probation Office within 72 hours of his release from imprisonment.

The Bureau of Prisons is **directed** to deliver St. Preux and all of his personal property to the Golden-Collum Memorial Federal Building and United States Courthouse 207 Northwest Second Street, Ocala, Florida 34475 on **December 6, 2024**.

The decision is **STAYED** for **thirty days** to allow the Bureau of Prisons and the U.S. Probation Office time to implement an orderly transition plan and to afford the Government an opportunity, if it wishes, to appeal and seek a stay.

**DONE** and **ORDERED** on November 6, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
Counsel for Defendant
Carl St. Preux

13